TURNER v. FOWLER.　(No. 1070.)

(Court of Civil Appeals of Texas. Amarillo. Nov. 29, 1916.)

JUSTICES OF THE PEACE ⬡⟿202(3)—APPEAL— BOND—IDENTITY OF CAUSE.

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 754, allowing an adverse party to move to dismiss a certiorari at the first term of the court to which it is returnable for want of a sufficient cause appearing in the affidavit, or for want of a sufficient bond, and in view of article 748, whereby the trial court, granting the writ of certiorari, states the amount of the bond, a bond on certiorari to review a judgment of the justice court for defendant, with costs against plaintiff, merely reciting that a judgment "for costs" was rendered against appellant, without setting out the judgment in full, in view of the petition for the writ of certiorari supplemented by the transcript of the proceedings in the justice court, sufficiently identified the court and the judgment.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. § 789; Dec. Dig. ⬡⟿202(3).]

Appeal from Crosby County Court; Pink L. Parrish, Judge.

Suit by Paul A. Turner against Orrie C. Fowler. From a judgment of the county court dismissing a writ of certiorari, granted upon a judgment in justice court for defendant, with costs against plaintiff, plaintiff appeals. Reversed and remanded for trial de novo.

R. A. Wallace, of Crosbyton, for appellant. Benson & Spence, of Lubbock, for appellee.

HENDRICKS, J. The appellant, Paul A. Turner, sued the appellee, Orrie C. Fowler, in the justice court of Crosby county, Tex., upon a note for $141.25, and upon trial judgment was rendered in favor of Fowler. The county judge, in vacation, granted a writ of certiorari, which was dismissed on motion of the appellee herein, by said court.

The grounds in the motion were that the bond did not describe correctly the court in which the judgment was rendered, nor did said bond correctly describe said justice court judgment, in that it failed to state the name of the defendant correctly, failed to give the file number of the suit, and did not state the amount of the judgment rendered except to describe it, "as a judgment for costs."

Article 754, vol. 1, Vernon's Sayles' Civil Statutes, prescribes that an adverse party may move to dismiss a certiorari at the first term of the court to which the same is returnable for want of sufficient cause appearing in the affidavit, or for want of sufficient bond.

Confining the issue to the grounds in the motion attacking the bond as insufficient, the only question raised is the matter of the sufficiency of the bond, based upon an inadequate identification of the judgment or the proceedings. The judgment in the justice court against Turner, the appellant herein, was one for costs.

"In acting upon a motion to quash or dismiss a certiorari, the district court will always look to the petition for the writ, and to the transcript from the justice's court, in order to determine the merits of the motion." Seeligson v. Wilson, 58 Tex. 370.

This case does not present a question of material variance, but one of sufficiency. The petition for the writ of certiorari, supplemented by the transcript of the proceedings in the justice court, rebut the grounds of the motion as wholly untenable. The amount of the judgment would not have to be stated in the certiorari bond, except as a matter of identification. The trial court, granting the certiorari, states the amount to be nominated in the bond in such sum as he shall direct. Article 748. It is true that the bond merely recites that a judgment "for costs" was rendered against appellant without setting out the judgment in full; but, legally speaking, the recitation in the bond is correct, and as a means of identification, looking to the whole proceedings, the bond is sufficient. Nelson v. Hart, 23 S. W. 832 (writ of error denied by the Supreme Court, 24 S. W. xvi).

The judgment of the trial court is reversed and remanded for a trial de novo.